IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUFINO J. VILLARREAL,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRIS BIGSBY, KEVIN BEATTIE, MICHAEL VANCE, SEWARD COUNTY SHERIFF, MARIA HATFIELD, and SEWARD COUNTY DETENTION CENTER,<br><br>    Defendants. | **8:20CV355**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, who is not a prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Plaintiff—a "disabled, 63[-]year[-]old, United States Citizen of Mexican heritage" (Filing 1 at CM/ECF p. 9)—attempts to sue a Seward County deputy (Defendant Bigsby), sergeant (Beattie), sheriff (Vance), and detention-center director (Hatfield) in their individual capacities, as well as the Seward County Sheriff's Office and the Seward County Detention Center for violations of the Americans With Disabilities Act and various constitutional provisions pursuant to 42 U.S.C. § 1983. Plaintiff requests $100,000 in damages.

Plaintiff alleges that Defendant Bigsby "racially profiled" him for "DWB (Driving While Brown)" while he was riding in a vehicle traveling on Interstate 80 on February 9, 2020. Plaintiff claims that Bigsby followed the vehicle in which Plaintiff was riding for miles, passed the vehicle and glared at its occupants twice,

and blocked the vehicle behind a truck "with a precision[-]like tactic designed to entrap us into a highly questionable traffic stop." (*Id.* at pp. 9, 15.)

While not entirely clear[1], Plaintiff was apparently then placed in the Seward County Detention Center, where he did not receive medications prescribed for his "blood pressure, asthma, blood clots and other ailments" for four days until Plaintiff bailed out. (*Id.* at pp. 17, 23.) While being detained, Plaintiff claims he "tried to use two thin plastic mattresses because one was to[o] painful on my back" (on which he has had two surgeries), but he was admonished for attempting to "accommodate my disability." (*Id.* at p. 18.) Plaintiff alleges that he "was discriminated against due to my race, disability and age." (*Id.* at p. 23.)

Plaintiff also complains that he was again placed in the Seward County Detention Center on July 14, 2020, after a judge got angry about a "mixup on a[n] 8:45 a.m. video hearing." (*Id.*) Plaintiff says "the County put me in a dirty holding cell with numerous hairs from previous detainees potentially exposing me to the virus." (*Id.*)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."

---

[1] Plaintiff's 23-page Complaint is short on details regarding the incidents at issue and long on descriptions of his educational prowess, his opinions on race in America, his family history and their military service, and his professional accomplishments and downfalls. If Plaintiff chooses to file an amended complaint, he should focus on the incidents at issue and avoid including irrelevant material.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

#### A. Defendant Deficiencies

##### 1. Defendants Beattie, Vance & Hatfield

Plaintiff names Kevin Beattie, Michael Vance, and Maria Hatfield in their individual capacities as Defendants in his Complaint. However, none of these parties is mentioned within Plaintiff's factual allegations. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)); *see also Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) ("To state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights." (citation omitted)).

3

Further, and as discussed in more detail below, Plaintiff's ADA claim cannot be asserted against individuals, but should be asserted against Seward County itself. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010) (Title II claim under ADA cannot be asserted against county employees in individual capacities; rather, claim must be made against county employees in official capacities, which is actually a suit against the county itself).

The court will give Plaintiff leave to correct these deficiencies in an amended complaint.

### 2. Defendants Seward County Sheriff's Office & Detention Center

Plaintiff's section 1983 claims may not be asserted against the Seward County Sheriff's Office and the Seward County Detention Center because "it is well settled that municipal police departments, sheriff's offices, and jails are not generally considered persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit." *Ferrell v. Williams Cty. Sheriffs Office*, No. 4:14-CV-131, 2014 WL 6453601, at *2 (D.N.D. Nov. 4, 2014); s*ee also De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (county jail and sheriff department not subject to suit under § 1983); *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department and paramedic services "are not juridical entities suable as such. . . . [t]hey are simply departments or subdivisions of the City government").

### B. Claim for Unconstitutional Traffic Stop

Plaintiff objects to Deputy Bigsby's stop of the vehicle in which he was a passenger due to "racial profiling." The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Because a traffic stop is a seizure under the Fourth Amendment, it must be supported by reasonable suspicion or probable cause." *Garcia v. City of New Hope*, No. 19-1836, ___ F.3d ___, 2021 WL 28012, at *4 (8th Cir. Jan. 5, 2021) (internal quotation marks and citation omitted). "A traffic stop is constitutionally reasonable where the police have probable cause to

4

believe that a traffic violation has occurred. Explained another way, any traffic violation, even a minor one, gives an officer probable cause to stop the violator, and therefore, any ulterior motivation on the officer's part is irrelevant." *Id.* (internal quotation marks and citations omitted).

Plaintiff's Complaint contains no factual allegations regarding how the stop occurred, the alleged absence of reasonable suspicion justifying the stop, what information came to light during the stop, whether Deputy Bigsby diligently pursued the mission of the stop, and whether reasonable suspicion "matured into probable cause to arrest." *United States v. Magallon*, Nos. 19-1820 & 19-1902, slip op. at pp. 18-19 (8th Cir. Jan. 8, 2021). However, Plaintiff does allege that Deputy Bigsby seized him as part of a traffic stop based on racial profiling instead of a valid traffic violation, thereby implying that Bigsby lacked an objectively reasonable basis to believe that a violation of the traffic laws occurred and therefore lacked reasonable suspicion to stop the vehicle. When liberally construed, these allegations are enough to state a Fourth Amendment claim against Defendant Bigsby in his individual capacity.[2]

## C. Conditions-of-Confinement Claims

Plaintiff challenges the conditions of his confinement when he was a pretrial detainee at the Seward County Detention Center on two different occasions. A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment, under which a convicted and sentenced prisoner may be punished, as long as such punishment is not cruel and unusual. In contrast, a pretrial detainee's challenge to such conditions is analyzed under the Due Process Clause of the Fourteenth Amendment (with respect to state actors) or the Fifth Amendment (with respect to federal actors), which require that a pretrial detainee not be punished.

---

[2] "[A] passenger may bring a Fourth Amendment challenge to the legality of a traffic stop." *Brendlin v. California*, 551 U.S. 249, 259 (2007); *see also United States v. Arnold*, 835 F.3d 833, 837 n.6 (8th Cir. 2016) (same).

*Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)).

To determine whether a pretrial detainee's conditions of confinement constitute "punishment," a plaintiff may show that such conditions are "intentionally punitive" or, in the absence of an "expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Stearns*, 957 F.3d at 907 (citing *Bell*, 441 U.S. at 536-39). If the conditions are found to be arbitrary or excessive, it may be "'infer[red] that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.'" *Id.* (citing *Bell*, 441 U.S. at 539).

However, the Due Process Clause is "not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328, 332-33 (1986) (also holding that the protections of the Due Process Clause are not "triggered by lack of due care by prison officials" or "merely because the defendant is a [government] official"); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (holding that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"); *Stearns*, 957 F.3d at 908 n.5 (noting that defendants were "sheltered from liability for mere negligence under the *Bell* standard").

### 1. Inadequate Medical Care

Plaintiff alleges that while being held in the Seward County Detention Center in February 2020, he was not given his prescribed medications for four days and was prohibited from using multiple mattresses to aid his back pain, and in July 2020, he was placed in a dirty holding cell "with numerous hairs from previous detainees potentially exposing me to the virus." To prove that Defendants were deliberately indifferent to Plaintiff's serious medical needs, Plaintiff must show "(1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet

6

deliberately disregarded it. Deliberate indifference is more than negligence, more even than gross negligence . . . ." *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019) (internal quotation marks and citations omitted); *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (Eighth Amendment claim based on inadequate medical attention requires proof that officials knew about excessive risks to inmate's health but disregarded them and that their unconstitutional actions in fact caused inmate's injuries).[3] "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotation and citation omitted).

Here, Plaintiff's Complaint only refers to his "blood pressure, asthma, blood clots and other ailments"—a description inadequate to properly allege an objectively serious medical need. Further, Plaintiff fails to allege any facts indicating that the Defendants knew of his serious medical needs, yet deliberately disregarded them. Plaintiff will be given leave to correct these deficiencies in an amended complaint.

## 2. Other Conditions of Confinement

Plaintiff also alleges that while in the Seward County Detention Center, he was denied multiple mattresses to decrease his back pain, which was apparently caused by two prior surgeries. In order to pursue a claim that such conditions violated his right to due process, Plaintiff must allege facts demonstrating the Defendants' intent to punish him. If Plaintiff is not able to make such truthful allegations, he must allege facts showing that the conditions he endured were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose. *Stearns*, 957 F.3d at 907.

---

[3] As a pretrial detainee, Plaintiff is "entitled to at least as much protection under the Fourteenth Amendment as under the Eighth Amendment." *Johnson*, 929 F.3d at 575. Therefore, Eighth Amendment cases are also applicable to deliberate-indifference claims brought by pretrial detainees.

7

While the court will give Plaintiff an opportunity to amend his Complaint, Plaintiff should note that his current allegations, if properly asserted against the Defendants in their individual capacities, are unlikely to state a due process claim. *See Goldman v. Forbus*, 17 F. App'x 487, 488 (8th Cir. 2001) (conditions of confinement were not unconstitutional punishment when plaintiff spent two nights in two-person cell with two others cellmates and four nights in eight-man cell with ten other men and slept on mattress on floor in both locations); *Ferguson v. Cape Girardeau Cty.*, 88 F.3d 647 (8th Cir. 1996) (pretrial detainee's due process rights not violated by confinement to space of 30 square feet and use of floor mattress for 13 nights, and confinement did not constitute "punishment"; totality of circumstances supported existence of legitimate governmental interest based on short duration of confinement, necessity to keep detainee under observation for both his medical condition and general safety concerns, and amount of time detainee spent out of the cell); *Smith v. Copeland,* 87 F.3d 265, 268-69 (8th Cir. 1996) (finding no Eighth Amendment or due process violation where pretrial detainee was subjected to overflowed toilet in his cell for four days; to prevail, plaintiff must show officers were deliberately indifferent to risk of harm posed by conditions); *Williams v. Delo,* 49 F.3d 442, 444-47 (8th Cir. 1995) (inmate's deprivation of clothes, running water, hygiene supplies, blanket, and mattress for four days did not violate inmate's Eighth Amendment rights); *Barnes v. Holder*, No. 1:14CV0003, 2014 WL 1478440, at *4 (E.D. Mo. Apr. 15, 2014) (no due process violation for detainee's time in "drunk tank" when cell was cold for 38 hours, cell light was on for 24 hours straight, no recreation was allowed, and bedding was removed during time in isolation (citing cases)).

## D.  ADA Claim

Finally, Plaintiff appears to claim that his inability to use multiple mattresses in order to reduce his back pain while being held for four days in the Seward County Detention Center constituted a failure to accommodate his disability under Title II of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12131 *et seq.* (Westlaw 2021).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Act authorizes suits by private citizens for money damages against public entities that violate § 12132. *See* 42 U.S.C. § 12133 (incorporating by reference 29 U.S.C. § 794a). The ADA defines "public entity" to include "any State or local government" and "any department, agency, . . . or other instrumentality of a State," 42 U.S.C. § 12131(1). This term includes instrumentalities of a local government, such as county jails. *Winters v. Arkansas Dep't of Health & Human Servs.*, 491 F.3d 933 (8th Cir. 2007) (ADA claim asserted against county sheriff in official capacity claiming discrimination on basis of mental illness while in county jail). Because prison officials may not be sued in their individual capacities under Title II of the ADA, Plaintiff's ADA claim must be asserted against prison officials in their official capacities (which he has not done in his initial Complaint), which is simply another way of suing the county itself. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (Congress' designation of liability for "public entities" under Title II of the ADA necessarily implied that there was no liability for individuals under that statute) (citing *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979)); *Dinkins v. Correctional Medical Servs.*, 743 F.3d 633, 634 (8th Cir. 2014) (per curiam); *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010); *see also Damron v. N. Dakota Com'r. of Corr.*, 299 F. Supp. 2d 970, 976 (D.N.D. 2004), *aff'd sub nom. Damron v. N. Dakota Com'r of Corr., Bismarck, N.D.*, 127 F. App'x 909 (8th Cir. 2005).

Assuming Plaintiff sues a proper defendant, in order to state a plausible Title II claim under the ADA, he must allege plausible facts indicating (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the Seward County Detention Center's services, programs, or activities, or was otherwise subjected to discrimination by the jail; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his

9

disability. *See Baribeau*, 596 F.3d at 484; *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998).

The term "qualified individual with a disability" means "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). A "disability" is "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). "Major life activities" include such things as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Here, Plaintiff alleges that he is "handicapped," but he has not set forth sufficient facts to show that he is a "qualified individual with a disability." *See Watson v. Kelloggs Co.*, No. 8:20CV126, 2020 WL 2732131, at *5 (D. Neb. May 26, 2020) ("Plaintiff's Complaint contains no facts describing the nature of his disability. . . . Without this basic information, no plausible claim for relief is stated."); *Carlentine v. Duggan*, No. 8:19CV251, 2020 WL 1820129, at *3 & n.2 (D. Neb. Apr. 10, 2020) (ADA plaintiff failed to state claim upon which relief may be granted because he failed to allege any facts describing "the nature of his disability [and] whether his disability limited his major life activities and, if so, how. . . ."). However, the court will give Plaintiff leave to file an amended complaint in which he must describe the nature of his alleged handicap and how it affects his major life activities.

Under the ADA, there are two means of discrimination: (1) disparate treatment and (2) the failure to make reasonable accommodations, which is the type of discrimination alleged here. *Peebles v. Potter*, 354 F.3d 761, 765 (8th Cir. 2004). Disparate-treatment discrimination is based on "intent or actual motive," whereas in

the second type of claim, "the 'discrimination' is framed in terms of the failure to fulfill an affirmative duty—the failure to reasonably accommodate the disabled individual's limitations." *Id.* at 767.

The "deliberate refusal of prison officials to accommodate [an inmate's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and . . . other prison programs" may constitute a violation of Title II. *United States v. Georgia*, 546 U.S. 151, 157 (2006); *see Pennsylvania Dep't of Corrections v. Yeskey,* 524 U.S. 206, 210 (noting that the phrase "services, programs, or activities" in § 12132 includes recreational, medical, educational, and vocational prison programs). But in order to state a claim upon which relief may be granted, a plaintiff must allege that the defendant's failure to accommodate his alleged disability has prevented him from participating in specific programs and activities at his correctional institution. *Brown v. Nebraska Dep't of Corr. Servs.*, No. 8:16CV217, 2016 WL 5173232, at *6 (D. Neb. Sept. 21, 2016); *see also Brown v. Houston*, No. 8:16CV217, 2018 WL 1309833, at *6 (D. Neb. Mar. 13, 2018) ("To establish a violation of Title II, [a plaintiff] 'must specify a benefit to which he was denied meaningful access based on his disability.'") (quoting *Mason v. Corr. Med. Servs., Inc.*, 559 F.3d 880, 888 (8th Cir. 2009)).

In this case, even if Plaintiff's purported handicap might qualify as a "disability," he does not specifically identify the activities, services, and programs in which he could not participate due to the Defendants' failure to accommodate Plaintiff's disability. Plaintiff shall be granted leave to amend his Complaint to remedy this deficiency, if he is truthfully able to do so.

### E. Leave to Amend

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against the Defendants in their proper capacities and addresses the deficiencies noted above. If Plaintiff fails to file an amended complaint in

11

accordance with this Memorandum and Order, his claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) after he addresses the matters set forth in this Memorandum and Order.

## IV. CONCLUSION

In its present form, Plaintiff's Complaint fails to state a claim upon which relief can be granted in the following respects:

(1) The Complaint contains no factual allegations as to Defendants Kevin Beattie, Michael Vance, and Maria Hatfield in their individual capacities.

(2) Plaintiff's 42 U.S.C. § 1983 claims may not be asserted against the Seward County Sheriff's Office and the Seward County Detention Center because they are not persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit.

(3) As to Plaintiff's conditions-of-confinement claims:

(a) Plaintiff fails to properly allege facts indicating an objectively serious medical need and that Defendants knew of those medical needs, yet deliberately disregarded them.

(b) Plaintiff fails to allege that Defendants' refusal to provide him with additional mattresses was punitive or that the conditions he endured were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose.

(4) As to Plaintiff's ADA (Title II) claim:

(a) Such claim cannot be asserted against individuals, but must be asserted against Seward County itself.

      (b)    Plaintiff fails to describe the nature of his alleged handicap and how it affects his major life activities.

      (c)    Plaintiff fails to identify the activities, services, and programs in which he could not participate due to the Defendants' failure to accommodate Plaintiff's alleged disability.

Plaintiff's allegations are sufficient to state a 42 U.S.C. § 1983 claim against Defendant Bigsby in his individual capacity for an alleged unconstitutional traffic stop.

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that addresses the above deficiencies. Plaintiff's amended complaint must restate the relevant allegations of his original Complaint and any new allegations. Plaintiff should be mindful to explain what each Defendant did to him, when each Defendant did it, and how each Defendant's actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) after he addresses the matters set forth in this Memorandum and Order.

      IT IS THEREFORE ORDERED:

      1.    Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must state the capacity (official, individual, or both) in which each Defendant is sued and set forth all of

Plaintiff's claims (and any supporting factual allegations) against each Defendant. Plaintiff should be mindful to explain in his amended complaint what each Defendant did to him, when each Defendant did it, and how each Defendant's actions harmed him.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into **<u>one document</u>** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: February 10, 2021—amended complaint due.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 11th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge