IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUFINO J. VILLARREAL,<br><br>Plaintiff,<br><br>vs.<br><br>CHRIS BIGSBY, KEVIN BEATTIE, MICHAEL VANCE, SEWARD COUNTY SHERIFF, MARIA HATFIELD, and SEWARD COUNTY DETENTION CENTER,<br><br>Defendants. | **8:20CV355**<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff, who is not a prisoner, has been given leave to proceed in forma pauperis (Filing 5) and to amend his Complaint to state a claim upon which relief can be granted in accordance with the court's previous Memorandum and Order (Filing 6). The court now conducts an initial review of Plaintiff's Amended Complaint (Filing 7) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF AMENDED COMPLAINT

Plaintiff, a self-described "disabled, senior Hispanic," sues Seward County Deputy Sheriff Bigsby, Sergeant Beattie, and Chief of Police Vance in their individual capacities, as well as the Seward County Detention Center, for violations of the Americans With Disabilities Act ("ADA") and various constitutional provisions pursuant to 42 U.S.C. § 1983. Plaintiff requests $100,000 in damages. (Filing 7 at CM/ECF p. 4.)

Plaintiff alleges that Defendant Bigsby "racially profiled" him while he was riding in a vehicle traveling on Interstate 80 on February 9, 2020. Plaintiff claims that Bigsby followed the vehicle in which Plaintiff was riding for 20 miles, passed the vehicle, glared at its occupants twice, and then blocked Plaintiff's vehicle behind a truck. Plaintiff claims Bigsby issued a "questionable" ticket "from his rear view and side view mirror" for "a handicap placard and passing to[o] close." Plaintiff alleges that Defendant Beattie assisted Bigsby in unconstitutionally stopping the vehicle, illegally searching and seizing the vehicle, and in arresting Plaintiff. (Filing 7 at CM/ECF p. 5.)

After this incident, Plaintiff was apparently taken to the Seward County Detention Center as a pretrial detainee where, according to Plaintiff, its staff was aware of the fact that Plaintiff had been deemed disabled by the Social Security Administration in 2004 due to blood clots, asthma, high blood pressure, and two failed back surgeries. Despite this knowledge, Plaintiff claims he was denied permission to have additional mattresses in his cell to relieve his back problems. Plaintiff alleges that his cell "was dirty and had hairs in it after knowledge of underlying conditions subjecting me to extreme conditions due to Covid-19 concerns." (Filing 7 at CM/ECF p. 6.) Plaintiff also complains that the detention center staff denied him his medications for four days, "which may have [led] to injury and/or death." (Filing 7 at CM/ECF pp. 6-7.)

Finally, Plaintiff alleges that he filed a complaint about the racial-profiling incident with the police department, and Defendant Vance "responded by claiming[] harassment and racial profiling as proper police behavior." (Filing 7 at CM/ECF p. 5.)

## II. DISCUSSION

The standards of review and elements of each of Plaintiff's claims were discussed in detail in the court's initial review of Plaintiff's first Complaint (Filing

2

6) and will not be repeated here. Instead, Plaintiff's Amended Complaint will be analyzed in light of the court's prior discussion.

## A.  Unconstitutional Traffic Stop

The court found in its previous Memorandum and Order (Filing 6 at CM/ECF pp. 5 & 13) that Plaintiff's allegations were sufficient to state a 42 U.S.C. § 1983 claim against Defendant Bigsby in his individual capacity for an alleged unconstitutional traffic stop because Plaintiff's factual allegations implied that Bigsby lacked an objectively reasonable basis to believe that a violation of the traffic laws occurred and therefore lacked reasonable suspicion to stop the vehicle. Plaintiff's Amended Complaint makes the same allegations, adding that Defendant Beattie assisted Bigsby in stopping the vehicle. Therefore, Plaintiff's Fourth Amendment traffic-stop claim may proceed to service of process as to Defendants Bigsby and Beattie. Plaintiff's claim against Defendant Vance will not proceed because Plaintiff does not allege that he personally participated in the unconstitutional traffic stop.[1] *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) ("To state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights." (citation omitted)).

## B.  Conditions-of-Confinement Claims

Plaintiff's Fourteenth Amendment claims regarding deliberate indifference to objectively serious medical needs and being denied multiple mattresses to relieve his back pain will be dismissed because Plaintiff has again failed to name any Defendant who allegedly knew of, but deliberately disregarded, his serious medical needs. *See Washington v. Denney*, 900 F.3d 549, 559 (8th Cir. 2018) (deliberate-indifference claim requires "that *corrections officials* acted with a sufficiently culpable state of mind" (internal quotation marks omitted; emphasis added));

---

[1] Defendant Vance has been sued in his individual capacity only.

*Jackson*, 747 F.3d at 543 ("To state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights." (citation omitted)).

## C. ADA Claim

First, Plaintiff has not sued a proper Defendant to assert a Title II ADA claim. As Plaintiff was advised in this court's Memorandum and Order on initial review, such an ADA claim must be asserted against the county itself. (Filing 6 at CM/ECF p. 9.) Second, even if Plaintiff had sued Seward County, he has failed to allege any facts indicating that he is a "qualified individual with a disability" within the meaning of the ADA[2] or that he was excluded from participation in or denied the benefits of the Seward County Detention Center's services, programs, or activities, or was otherwise subjected to discrimination by the jail because of his disability. Therefore, this claim will be dismissed.

Accordingly,

IT IS ORDERED:

1.      Defendants Maria Hatfield and Seward County Sheriff are dismissed from this matter because Plaintiff does not name them as Defendants in his Amended Complaint.

---

[2] Plaintiff was instructed on initial review of his first Complaint to "describe the nature of his alleged handicap and how it affects his major life activities" and to "specifically identify the activities, services, and programs in which he could not participate due to the Defendants' failure to accommodate Plaintiff's disability." (Filing 6 at CM/ECF pp. 10-11.) He has not done so.

2.    Defendant Seward County Detention Center is dismissed because it is not a person within the meaning of 42 U.S.C. § 1983 and because Plaintiff's ADA claim may only be asserted against Seward County itself.

3.    Plaintiff's 42 U.S.C. § 1983 Fourth Amendment traffic-stop claim may proceed to service of process as to Defendants Bigsby and Beattie in their individual capacities. Plaintiff's claim against Defendant Vance is dismissed because he is not alleged to have personally participated in the constitutional violation.

4.    Plaintiff's Fourteenth Amendment conditions-of-confinement claims and his ADA claim are dismissed without prejudice for failure to state a claim upon which relief can be granted.

5.    For service of process on Defendants Chris Bigsby and Kevin Beattie in their individual capacities, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendants using the address "Seward County Justice Center, 261 S. 8th Street, Suite 245, Seward, NE 68434" and forward them together with a copy of the Amended Complaint (Filing 7) and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendants Chris Bigsby and Kevin Beattie personally in their individual capacities at the <u>Seward County Justice Center, 261 S. 8th Street, Suite 245, Seward, NE 68434</u>**. Service may also be accomplished by using any of the following methods:  residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.[3]

---

[3] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013).  Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, **"[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to

6.     Because this non-prisoner case is proceeding to service of process and at the direction of the court, this case is removed from the pro se docket. The Clerk of the Court shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

DATED this 20th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).